IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI, SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
SEP 29 2025
ARTHUR JOHNSTON
BY _____ DEPUTY

RUSSELL FRANCIS HALEY             PLAINTIFF

VERSUS                           1:23-CV-00228-BWR

FRANKLIN BREWER, ET AL.          DEFENDANTS

## MOTION FOR RECONSIDERATION

Comes Now, Russell Haley, Plaintiff, pro se, in forma pauperis, and files this, his Motion for Reconsideration of an order issued by this Court on August 1, 2025. In support, Plaintiff would show the following:

### I. FACTS

On September 7, 2023, I, Russell Haley, Plaintiff, pro se, filed a complaint in this court under 42 U.S.C. §1983, alleging that Defendants Brewer and Rogers had engaged in a policy of deliberate indifference to serious health and safety issues at Stone County Correctional Facility (SCRCF) during my incarceration at that facility, and as a result I incurred serious injuries, including an abdominal hernia. The complaint also alleged that as a result of my reports of constitutional violations, the Defendants transferred me away from SCRCF on August 3, 2022 in retaliation, to prevent me from making any further reports of violations at their facility. See Compl. [1].

After an Omnibus Hearing was held on May 17, 2024, and a period of discovery, Defendants filed a Motion [38] for Summary Judgment on October 14, 2024. I filed a response [43] on November 21, 2024, and Defendants filed a reply [46] on December 9, 2024. On August 1, 2025, this court granted the Motion for Summary Judgment and dismissed the case with prejudice.

I now move for this court to reconsider its August 1 order, citing the following reasons:

## II.

### SUMMARY OF THE ARGUMENTS

This case boils down to three things: (1) Claims that the defendants had been conducting a long standing campaign of deliberate indifference to prisoner complaints of dangerous prison conditions, (2) that because of this policy I sustained serious injuries (hernia, emotional stress, etc.); and (3) in response to my pleas for help, the defendants ultimately retaliated by transferring me to another prison to prevent me from voicing any further complaints about conditions at SCRCF. This Court granted Defendants' Motion for Summary Judgment, holding that I had not made a sufficient showing to defeat the motion.

However, the Court overlooks two things: First, the fact that the Defendants never responded to my discovery requests other than to provide more than 180 pages of material that was completely irrelevant to the questions presented, and second, the Court accepted the Defendants' argument that I had made 16 claims that were time-barred, when in fact these 16 claims were presented only to establish a "chronology of events" which would support a retaliation claim.

## III.
## Reasons the Order Should be Reconsidered

<u>1.</u>   The Defendants never fulfilled their duty to provide me with the requested discovery materials, which prevented me from being able to respond to the Motion for Summary Judgment in a comprehensive manner.

The Defendants have stalled the process to the point whereas I ultimately received no meaningful answers to my discovery requests, other than a copy of the transfer order to GCRCF, despite being granted ample time to do so, despite two courtesy letters (ignored), and a Motion to Compel [32]. This issue has been fully briefed in my answer in Opposition to Summary Judgment ([43] at pp. 6-7, in my Rebuttal to Defendants' Reply [46] at pp. 2-3, and in my Motion to Reopen Discovery and to Compel [47] at pp. 2-3, pp. 8-11. See also Doc [43], attachment "G" (158 pages of random material which has nothing to do with the discovery questions). Apparently the Court has overlooked these facts as shown, as these arguments were barely, if at all considered in the Order Granting Summary Judgment.

Had the Defendants not failed in their duty to produce discovery, I would have been able to: (1) Locate witnesses, including inmates and even SCRCF correctional officers, who have told me that they would testify that they heard the Defendants threaten to move me if I didn't stop complaining about the dangerous conditions, (2) obtain medical records proving the hernia was caused by severe bronchitis due to environmental tobacco smoke, (3) obtain kiosk records to support the claim of deliberate indifference; and (4) obtain e-mails

to support the claim that the transfer was retaliatory.

The Court also faults me for waiting "three months after the conclusion of discovery and more than two months after Defendants' Motion [38] for Summary Judgment was filed" before moving to reopen discovery and to compel ([53], at 25). But had the Court not overlooked the above facts it would have found that I had been diligently trying to get the Defendants to cooperate in discovery during that period, and that all the delays were the fault of the stonewalling by the Defendants.

For these reasons the Court should reconsider its Order Granting Summary Judgment and should find that the Defendants' Summary Judgment Motion was without merit and/or premature. See <u>Eason v. Walgreen Co.</u>, Civil Action No. 3:11-CV-190-DPJ-FKB (S.D. Miss, Mar. 10, 2012), holding that civil litigants must be given "adequate time for discovery" (quoting <u>Celotex Corp. v. Catrell, 477 U.S. 317, 322 (1986)</u>).

2.   The Court should not have accepted the Defendants' argument that the statute of limitations and other procedural bars should apply to my claims one though sixteen when in fact they were presented only as evidence to establish a chronology of events, rather than sixteen individual arguments.

This Court recognizes that an action accrues when a plaintiff has "a complete and present cause of action", citing <u>Wallace v. Kato, 549 U.S. 384, 387 (2007)</u> (see Doc [53], at 13). One or two isolated events would seem to be unlikely to suffice as a complete action, but a series of events over a period of time should easily show such. And according to the 5th circuit, a plaintiff's burden to prevail on a claim of retaliation can be satisfied by showing "... the more probable

scenario, a chronology of events from which retaliation may plausibly be inferred." id., at 19 (quoting McClure v. Turner, 481 F. App'x 167, 172 (5th Cir. 2012)).

In light of these rulings, this issue should be reconsidered and adjucated as such.

## IV.
### CONCLUSION

Wherefore, premises considered, Plaintiff Russell Haley prays for this Court to reconsider and reverse its order granting summary judgment, and to order Defendants to comply with the discovery process, and/or any other equitable solution.

Respectfully submitted,

*Russell Haley*
RUSSELL HALEY 210791

5.

## DECLARATION OF INMATE FILING

I am an inmate confined in an institution. Today, September 28, 2025 I am depositing my "Motion for Reconsideration in the institution's internal mail system for mailing, first-class postage prepaid.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information, and belief. (See 28 U.S.C. § 1746, 18 U.S.C. § 1621).

Signed: Russell Haley
Date: 9-28-25

## CERTIFICATE OF SERVICE

This is to certify that I have this date, caused to be mailed, via United States Mail, postage prepaid, a true and correct copy of the above and foregoing to:

Butler Snow LLP
Suite 1400
1020 Highland Colony Parkway
Ridgeland, MS 39157

Clerk - U.S. District Court
Southern Dist. Miss; S. Division
2012 15th St., Ste. 403
Gulfport, MS. 39501

So certified, this the 28th day of September, 2025

Plaintiff: *Russell Haley*
RUSSELL HALEY 210791
CMCF/TWC F-A-10
P.O. Box 88550
Pearl, MS 39208-8550